BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

AUG -3 1979

PATRICIA D. HOWARD
CLERK OF THE PANEL

8/3/79

IN RE AIRCRAFT ACCIDENT AT           ) DOCKET NO. 389
BARROW, ALASKA, ON OCTOBER 13, 1978  )

OPINION AND ORDER

BEFORE MURRAY I. GURFEIN, CHAIRMAN, AND EDWIN A. ROBSON, STANLEY A. WEIGEL, ANDREW A. CAFFREY, ROY W. HARPER, AND CHARLES R. WEINER, JUDGES OF THE PANEL.

PER CURIAM

This litigation consists of four actions pending in four districts: one action each in the District of the District of Columbia, the Northern District of Illinois, the District of Maryland and the Southern District of Ohio.

On October 13, 1978, a DeHavilland DHC-6 Twin Otter aircraft crashed while approaching for a landing at the Barrow, Alaska airfield. Only two people were aboard the aircraft, and the pilot was the only fatality. The pilot's spouse, Dietra Walters (Walters), has filed each of the four actions in this docket.

The District of Columbia action was brought against United Technologies Corporation (United) in December, 1978. United, through its subsidiary, Pratt & Whitney Aircraft of Canada, Ltd., manufactured and/or assembled the engines and the engines' component parts, including the propeller and propeller governing system, on the plane that crashed. Walters alleges that 1) United was negligent in the manufacturing, assembling, testing and servicing of the engines and their component parts; 2) United is strictly

liable because the engines and/or their components were unreasonably dangerous or defective; and 3) United breached express and implied warranties on the engines and/or their component parts.

The Maryland action was brought in March, 1979, against the DeHavilland Aircraft Company of Canada, Ltd. (DeHavilland), manufacturer of the plane that crashed. Walters seeks to hold DeHavilland responsible for alleged defects in the plane and/or its component parts under theories of negligence, strict liability and breach of express and implied warranties.

The Illinois action was brought in May, 1979, against Woodward Governor Corporation (Woodward), manufacturer of the propeller governing system used to govern the propellers on the engines of the plane that crashed. Walters posits theories of negligence, strict liability, and breach of express and implied warranties in seeking to hold Woodward liable for alleged defects in the propeller governing system.

The Ohio action was brought in March, 1979, against United, DeHavilland, Woodward and Hartzell Industries, Inc. (Hartzell). Hartzell, through its division, Hartzell Propeller Company, manufactured the propellers on the engines of the plane that crashed. Walters seeks to hold Hartzell responsible for alleged defects in the propellers under theories of negligence, strict liability and breach of express and implied warranties. The claims against each of the other three defendants are identical to the claims brought against each defendant in the other action in this docket to which that defendant is a party.

Walters moves the Panel to centralize, pursuant to 28 U.S.C. §1407, all actions in this docket in the District of the District of Columbia for coordinated or consolidated pretrial proceedings. DeHavilland supports the motion. Woodward agrees that Section 1407 proceedings are appropriate in this docket, but Woodward favors selection of the Southern District of Ohio as the transferee forum. United and Hartzell oppose transfer.

We find that these actions involve common questions of fact and that transfer of the actions pending in districts other than the District of the District of Columbia to that district for coordinated or consolidated pretrial proceedings under Section 1407 with the action pending there will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

United and Hartzell deny that common questions of fact predominate in this docket. They submit that in the Illinois action, the primary factual questions will relate to whether Woodward negligently manufactured the propeller governor; in the District of Columbia action, the primary factual questions will relate to whether United negligently manufactured the engines; and in the Maryland action, the primary factual questions will relate to whether DeHavilland negligently manufactured the aircraft. These three actions, United and Hartzell thus argue, present significant and controlling individual factual questions on the issue of liability. Hartzell also stresses that one plaintiff has

filed all the actions. Since no discovery against any defendant could be conducted by any plaintiff other than Walters, Hartzell argues that any discovery proceedings contemplated would be conducted for the first and only time by Walters and that there would thus be no possibility of duplicative discovery. Under these circumstances, Hartzell urges, Walters has not shown that any need for transfer under Section 1407 exists.

United also urges that the District of Columbia action is already far advanced and would not benefit from inclusion in Section 1407 proceedings.

Finally, United contends that Walters has filed her Section 1407 motion for centralized pretrial proceedings because of her inability to effect service of process over all defendants in any one federal forum. United contends that Walters' motive for seeking transfer amounts to an attempted misuse of the statute and should not be countenanced by the Panel.

We find these arguments unpersuasive. All four actions arise from the same accident and factual questions concerning the cause or causes of the accident will be common to each action. The presence of different legal theories in some of the actions with regard to the alleged liability of each defendant does not negate the existence of common questions of fact regarding the cause or causes of the crash and the attendant circumstances. See <u>In re Air Crash Disaster in the Ionian Sea on September 8, 1974</u>, 438 F. Supp. 932, 934 (J.P.M.L. 1977). Because the factual questions

in each action focus on what caused the accident, it is likely that United, DeHavilland, Hartzell and Woodward will be involved with discovery in each action either as parties or non-parties. Transfer under Section 1407 is thus necessary in order to avoid duplicative discovery conducted by Walters and others, prevent inconsistent pretrial rulings, conserve judicial resources and ensure the cooperation of all parties and counsel.

Since the District of Columbia action is already pending in the district we have selected as the transferee forum for this litigation, we believe that any future question of whether that action should be included in the coordinated or consolidated pretrial proceedings, and if so to what extent, is properly left to the discretion of the transferee judge. See In re Airport Car Rental Antitrust Litigation, 448 F.Supp. 273, 275 (J.P.M.L. 1978). We note that the transferee judge has the authority to invoke procedures whereby discovery already completed in the District of Columbia action can be made applicable to the other actions. See id.; Manual for Complex Litigation, Parts I and II, §§3.11 (rev. ed. 1977).

United's argument that **Walters'** motion for transfer under Section 1407 constitutes an abuse of the statute is without merit. In essence, United's argument is that Walters should not be able to secure from the Panel, under 28 U.S.C. §1407, what the venue provisions of federal law otherwise prohibit. The Panel's discretion under Section 1407 is not limited by venue considerations, however, and

the fact that defendants may not all be amenable to suit in the same jurisdiction does not prevent transfer to a single district for pretrial proceedings where the **prerequisites** of Section 1407 are otherwise satisfied. See In re Kauffman Mutual Fund Litigation, 337 F.Supp. 1337, 1339 (J.P.M.L. 1972).

Woodward argues that the Southern District of Ohio should be selected as transferee forum because that district is the only district in which all four defendants have been named and where trial against all four defendants will proceed.

On balance, we find that the District of the District of Columbia is the preferable transferee forum. Neither Woodward nor DeHavilland has responded in the Southern District of Ohio action. Consequently, the question of whether trial will proceed in one district against all four defendants remains unresolved. In any event, a number of factors render the District of the District of Columbia an appropriate transferee forum for this litigation. The discovery schedule in the District of Columbia action is most advanced. See In re Falstaff Brewing Corporation Antitrust Litigation, 434 F.Supp. 1225, 1231 (J.P.M.L. 1977). Moreover, the familiarity which the Honorable Aubrey E. Robinson, Jr., has developed with this litigation as a result of the pretrial proceedings that have already been conducted in the action before him in the District of the District of Columbia weighs significantly in favor of that district as the transferee forum. See In re Griseofulvin Antitrust Litigation, 395 F. Supp. 1402, 1403

(J.P.M.L. 1975). Finally, the location in the District of Columbia of records maintained by the Federal Aviation Administration pertaining to the evaluation of the plane, its engines and propellers prior to the issuance of the airworthiness certificate, and records pertaining to the investigation of the crash conducted by the National Transportation Safety Board, also commends selection of the District of the District of Columbia as the transferee forum. See In re Air Crash Disaster near Saigon, South Vietnam, on April 4, 1975, 404 F. Supp. 478, 480 (J.P.M.L. 1975).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the following Schedule A and pending in districts other than the District of the District of Columbia be, and the same hereby are, transferred to the District of the District of Columbia and, with the consent of that court, assigned to the Honorable Aubrey E. Robinson, Jr., for coordinated or consolidated pretrial proceedings with the action pending in that district and listed on Schedule A.

DOCKET NO. 389 -- IN RE AIR CRASH DISASTER AT BARROW, ALASKA, ON OCTOBER 13, 1978

SCHEDULE A

DISTRICT OF THE DISTRICT OF COLUMBIA

Dietra Leigh Walters, etc. v.          Civil Action
United Technologies Corp.              No. 78-2375

NORTHERN DISTRICT OF ILLINOIS

Dietra Walters, etc. v.                Civil Action
Woodward Governor Co.                  No. 79C-1774

DISTRICT OF MARYLAND

Dietra Leigh Walters, etc. v.          Civil Action
The DeHavilland Aircraft Co.           No. H-79-506
of Canada, Ltd.

SOUTHERN DISTRICT OF OHIO

Dietra Leigh Walters, etc. v.          Civil Action
The DeHavilland Aircraft Co.           No. C-3-79-134
of Canada, Ltd., et al.